**UNITED STATES of America**

v.

**PHILADELPHIA ELECTRIC CO., a corporation, and Local Union No. 1184 of the International Brotherhood of Electrical Workers, an unincorporated association.**

Civ. A. No. 72–1483.

United States District Court,
E. D. Pennsylvania.

Dec. 8, 1972.

Richard G. Kleindienst, Atty. Gen., Dept. of Justice, Washington, D. C., Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., David Allen, Dept. of Justice, Washington, D. C., for plaintiff.

William T. Coleman, Jr., Philadelphia, Pa., for defendants.

## OPINION

BECHTLE, District Judge.

On July 27, 1972, the United States of America filed a complaint under the provisions of Title VII of the Civil Rights Act of 1964 (the Act), 42 U.S.C. § 2000e et seq. alleging a pattern and practice of unlawful discrimination in employment on the part of defendant, Philadelphia Electric Company (the Company). The jurisdiction of this Court to hear the action is based on 42 U.S.C., § 2000e–6(b) and 28 U.S.C. § 1345.

On September 14, 1972, service of the complaint was made upon the Company. Thereafter, on October 4, 1972, without filing an answer, the Company filed a Motion to Dismiss the complaint or, alternatively, for Summary Judgment in its favor, pursuant to Fed.R.Civ.P. 12(b). It is this motion that is now before the Court.

The Company contends that this Court lacks jurisdiction over the subject matter and that the United States has failed to state a claim upon which relief can be granted. The grounds of its contention are:

(1) The present law suit is premature and should be dismissed or stayed because there was no attempt by the Equal Employment Opportunity Commission (EEOC) to conciliate the matter that forms the basis of this law suit prior to its referral to the Attorney General of the United States for litigation purposes;

(2) The matters raised herein have previously been made the subject of proceedings before the Philadelphia Human Relations Commission, acting as an agent of the United States, and an agreement settling such matters has been entered into by that Commission and the Company;

(3) The United States should not be permitted to maintain an action in equity because it is guilty of unclean hands;

(4) Significant changes occurred in the complexion of this matter between the time the complaint was approved by

Attorney General Richard G. Kleindienst and the time it was actually filed, raising doubts that the approval to file the complaint was properly obtained.

For the reasons stated below, the Court finds that the Company's motion is without sufficient merit to warrant the granting of the relief sought.

## I. NO ATTEMPT AT CONCILIATION

In enacting Title VII of the Act, Congress intended to deal with two separate kinds of employment discrimination: the isolated acts of unlawful employment discrimination; and, the "pattern or practice" of employment discrimination. To redress the first type of discrimination, Congress created the EEOC through § 706 of the Act, 42 U.S.C. §§ 2000e–4 and 2000e–5. The basic functions of the EEOC are: (1) to investigate charges of employment discrimination; (2) to determine whether there is reasonable cause to believe such charges are true; and if so, (3) to attempt to eliminate the unlawful employment practice through conference, conciliation, and persuasion; (4) to bring a civil action against the respondent if it is unable to secure an acceptable conciliation agreement.[1]

The second, and more grievous, type of employment discrimination, dealt with in Title VII, is that of a "pattern or practice" of discrimination. This type of discrimination represents a denial of rights "repeated, routine, or of a generalized nature."[2]

In § 707 of the Act, Congress empowered the Attorney General to bring a civil action against a respondent "whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described." 42 U.S.C. § 2000e–6.[3] In this section, in contrast to § 706, there is no conciliation requirement.

The unlawful employment action in the case before the Court is one brought by the Attorney General pursuant to § 707 following a referral of charges from the EEOC.[4] In support of its motion to dismiss for lack of jurisdiction or to have the matter stayed indefinitely until the EEOC complies with its regulations, the Company cites certain of the regulations governing the operation of the EEOC. See, 29 C.F.R. § 1600 et seq. At 29 C.F.R. § 1601.26, it states:

> "If the commission is unable to obtain voluntary compliance, it may inform the Attorney General of appropriate facts in the case with recommendations for intervention by him in a civil action previously instituted by aggrieved party under § 706 of Title

---

1. By a 1972 amendment to the Act, the EEOC itself was given the power to enforce in the courts the applicable provisions of Title VII; formerly, the aggrieved party had to bring a civil action, but only after the EEOC had been unable to obtain "voluntary compliance" with the Act on the part of the respondent. See, 42 U.S.C. § 2000e–5 (Supp. 1972), as amended.

2. United States v. H. K. Porter Company, 296 F.Supp. 40, 114 (N.D.Ala.1968), citing Senator Humphrey speaking on Civil Rights Bill H.R. 7152, as amended. 110 Cong.Rec. 14270 (June 18, 1964).

3. As of March 24, 1972, the functions of the Attorney General under § 707 shall be transferred to the EEOC. See, 42

U.S.C. § 2000e–6(c), (Supp.1972), amending, 42 U.S.C. § 2000e–6 (1970).

4. Since March 24, 1972, the EEOC has had the authority to investigate and act on charges of pattern or practice of discrimination. All action taken by the EEOC under § 707, as amended, must be in accordance with normal EEOC procedures set forth in § 706. See, 42 U.S.C. § 2000e–6(e), (Supp.1972) amending, 42 U.S.C. § 2000e–6 (1970). Since the EEOC referred the charges which precipitated this case to the Attorney General on January 28, 1972, two months prior to the enactment of this amendment, we find this amendment inapplicable to the issues in this case.

VII, and the commission (EEOC) may make public the fact that it has so recommended to the Attorney General. The commission may further recommend to the Attorney General that he institute a civil action under § 707 of said Title involving a pattern or practice of resistance to the full enjoyment of any of the rights secured by said Title."

 For two reasons, we find nothing in this regulation to mandate the result the Company seeks. First, the "unable to obtain voluntary compliance" clause is found only in the first sentence, which deals with actions brought under § 706 of the Act. The second sentence, concerning "pattern or practice" actions under § 707, has no such qualifying clause. Second, the courts have held that the "unable to obtain voluntary compliance" clause is not even a jurisdictional prerequisite to bringing of a civil action under § 706, let alone actions under § 707. Johnson v. Seaboard Air Line R. R., 405 F.2d 645 (4th Cir. 1968); Watson v. Limbach Company, 333 F.Supp. 754 (S.D.Ohio 1971). Accordingly, we find that the EEOC violated no procedural regulation [5] in referring this matter to the Attorney General for proceedings consistent with his powers under § 707; consequently, the Motion to Dismiss or stay the action on this ground is denied.[6]

## II. PHILADELPHIA HUMAN RELATIONS COMMISSION

On October 30, 1968, a complaint was filed against the Company by the Philadelphia Commission on Human Relations (Phila. Commission) alleging that the Company had violated and was continuing to violate certain sections of the Philadelphia Code of General Ordinances, having to do with unlawful employment practices, and Title VII of the Act. On June 24, 1971, after a period of negotiations, the Phila. Commission and the Company entered into a written conciliation agreement. The Company contends here that the Phila. Commission is partially funded by the Government and acts as a Government agent in enforcing Title VII; also, that the agreement between the Company and the Phila. Commission covered matters which have again been raised by the Government in its complaint in this case. The Company concludes that the Government should be prevented from bringing the present action by reason of the doctrine of res judicata.

 The doctrine of res judicata only applies to parties or their privies who were also parties to a previous action in which the same matters were litigated to a final judgment on the merits. *See*, Restatement of Judgments, § 41 et seq. (1942). The threshold question here is whether the Attorney General of the United States was a party or privy to any action by the Phila. Commission.

Recognizing that employment discrimination is a serious problem of national as well as state and local concern, Congress, in enacting § 706 of the Act, provided for an atmosphere of cooperation between the EEOC and states having laws prohibiting unlawful employment discrimination. The EEOC can stipulate by written agreement with a state or local agency that the EEOC will refrain from processing a certain charge,

---

5. Since there is no violation by the EEOC, we find it unnecessary to discuss the cases cited by the company: Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970); Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). All of these cases concerned actions by Government agencies after a violation of a governmental regulation was found to exist.

6. It should be noted that between January 28, 1972 (the time the EEOC referred this matter to the Attorney General), and July 27, 1972 (the time of the filing of this action), the Attorney General's Office instituted a separate investigation of the charges and held three conferences with the Company in an attempt to settle the dispute.

or class of charges, under § 706. No such stipulation was concluded in this case. In fact, the conciliation agreement between the Company and the Phila. Commission specifically stated that the EEOC was not precluded by this agreement from processing any charges. *See,* The Conciliation Agreement, "Attachment C," of defendant's motion.

■ The Court can find no authority that permits the EEOC to delegate to a state or local agency any power of the Attorney General under § 707 of the Act. Further, neither the Attorney General nor the EEOC attempted to confer on the Phila. Commission the authority to act on behalf of the Attorney General under § 707. We find in this case that the Attorney General of the United States was neither a party nor a privy to any conciliation agreement between the Company and the Phila. Commission and, for that reason alone, his right to file a "pattern or practice" of discrimination suit under § 707 is not precluded by the doctrine of res judicata.

### III. CLEAN HANDS DOCTRINE

The Company claims that the Government comes before this Court, seeking equitable relief, with unclean hands, in that (1) the Government brought this action notwithstanding the Company's compliance with the conciliation agreement between it and the Phila. Commission; and (2) the Government itself is inadequate as an equal employment opportunity employer.

■ The Government, when applying for relief in a Court of equity, is as much bound to do equity as a private litigant. Hardy v. Savannah Apartments, Inc., 217 F.Supp. 649, 661 (S.D.Ga. 1963); Daniell v. Sherrill, 48 So.2d 736, 737 (Fla.). However, the principles of equity will not be applied in a suit by the United States to frustrate the purpose of its laws or to thwart public policy. Pan-American Petroleum and

Transport Company v. United States, 273 U.S. 456, 506, 47 S.Ct. 416, 71 L.Ed. 734 (1927); Eichleay Corp. v. National Labor Relations Board, 206 F.2d 799, 806 (3rd Cir. 1953). Even if the instances suggested by the Company of employment discrimination by departments of the United States are possible, or even likely occurrences, a recognition of that by this Court could rise to a level that may justify criticism or official concern but certainly not to a level that could be the basis of a bar for the enforcement of the applicable laws enacted by Congress to alleviate employment discrimination.

■ Therefore, without going into the merits of the Company's allegation of "unclean hands," we rule that to apply that doctrine in this case would both frustrate the purpose of Title VII and thwart public policy, and consequently cannot be a bar to the suit.

### IV. ATTORNEY GENERAL'S AUTHORIZATION

In a "pattern or practice" of employment discrimination case under § 707, the Attorney General must have reasonable cause to believe such a pattern or practice exists, and then he may bring an action in an appropriate United States District Court by filing a complaint (1) signed by him (or in his absence, the Acting Attorney General); (2) setting forth facts pertaining to such pattern or practice; and, (3) requesting such relief as he deems necessary. All of these requirements were met by the Attorney General in the complaint filed herein.

The complaint was signed by the Attorney General at least seven (7) weeks prior to its being filed,[7] during which time negotiations between the Company and the Assistant Attorney Generals assigned to the case took place. Although these negotiations did not result in a settlement, the Company contends that

---

7. The parties have stipulated that, since the complaint was signed by Mr. Kleindienst in his capacity as Acting Attorney General of the United States, a position he relinquished on June 12, 1972, when he assumed the status of Attorney General of the United States, and it was not filed until July 27, 1972, at least seven weeks expired between the official signing and the filing of the complaint.

significant factual submissions were made to Assistant Attorney General David L. Norman which bore directly upon the question of whether suit should be instituted. Since the complaint was filed without a renewed signature of the Attorney General, the Company believes that the decision to bring suit was made by someone other than the Attorney General; therefore, the complaint was not properly authorized at the time it was filed.

The Government counters by stating that all that the statute (§ 707 or 42 U. S.C. § 2000e–6) requires is the Attorney General's signature certifying a finding of reasonable cause. They allege that the authority to commence litigation on behalf of the Government to enforce Title VII is specifically delegated to the Assistant Attorney General in charge of the Civil Rights Division pursuant to 28 C.F.R. § 0.50 which provides:

> "Subject to the general supervision and direction of the Attorney General, the following-described matters are assigned to, and shall be conducted, handled, or supervised by, the Assistant Attorney General in charge of the Civil Rights Division:
>
> (a) enforcement of all Federal statutes affecting Civil Rights, including those pertaining to elections and voting, public accomodations, public facilities, school desegregation, employment, housing, and authorization of litigation in such enforcement, including criminal prosecutions and civil actions and proceedings on behalf of the Government; and appellate proceedings in all such cases."

 The Government's argument is a sound one. Once a certification of reasonable cause is made by the Attorney General and a complaint is drawn up, it would be an impossible burden on him to require that he remain abreast of every detail of each settlement negotiation, session or effort, and determine, again and again, whether reasonable cause, once found, still exists. This is especially so when, as here, the attempted settlement was not consummated. Moreover, the courts would continually face the dilemma of having to decide whether there was a "current" finding of reasonable cause at the time of the filing of an action, when the signing of the complaint predated the filing of it. Several courts have held that ". . . [§ 707] does not contemplate that the courts shall make a preliminary determination of the Attorney General's finding of a reasonable cause. Rather, the Court's function is to determine whether the defendants have, in fact, engaged in such a 'pattern or practice' [of racial discrimination], and to do so as expeditiously as possible." United States v. International Ass'n of B., S. & O. I. W., L. No. 1, 438 F.2d 679, 681 (7th Cir. 1971); United States v. Building and Const. Tr. Coun. of St. Louis, Mo., 271 F.Supp. 447, 452 (E.D.Mo.1966). We agree with this line of cases and, accordingly, refuse to look behind the Attorney General's certification of reasonable cause. The Company's motion to dismiss on this ground is also denied.[8]

---

8. We find that the case cited by the Company, Perkins v. Kleindienst, (D.D.C. Civil Action No. 1309–72) involving the Attorney General's duties under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c not to be directly on point with the issue involved here; and, in either case, not to warrant a different result here.