**UNITED STATES of America and the Federal Communications Commission, Plaintiffs,**

v.

**Reverend Carl McINTIRE et al., Defendants.**

**Civ. No. 1367–73.**

United States District Court,
D. New Jersey.

Feb. 20, 1974.

**1302**

Jonathan L. Goldstein, U. S. Atty., Frederick W. Klepp, Asst. U. S. Atty., Gilbert S. Fleischer, Atty.-in-Charge, Admiralty and Shipping Section, Dept. of Justice by Warren A. Schneider, New York City, for plaintiff United States.

John W. Pettit, Gen. Counsel, Hilburt Slosberg, Associate Gen. Counsel, D. M. Armstrong, Counsel, Barbara B. O'Malley, Washington, D. C., Counsel, for plaintiff F.C.C.

Alfred R. Pierce, Camden, N. J., Henry Thomas Dolan, Philadelphia, Pa., Benedict P. Cottone, Washington, D. C., Keith Bashaw, Collingswood, N. J., for defendants.

On Plaintiffs' Motion for Judgment
on the Pleadings

OPINION

COHEN, Chief Judge:

In this action by the United States and the Federal Communications Com-
mission (FCC), plaintiffs seek to enjoin the operation of an unlicensed radio station broadcasting from a vessel off the New Jersey coast.

While the facts of this dispute are extensively set forth in this court's earlier opinion, wherein defendants' motion to dismiss the complaint was denied, United States v. Reverend Carl McIntire et al., 365 F.Supp. 618 (D.N.J.1973), a brief review of the facts and the procedural posture of this case is appropriate:

On September 19, 1973, Rev. McIntire began to transmit a radio broadcast signal from a ship located some three and one-half miles off the coast of New Jersey. The broadcast, which interfered with the frequencies of several duly licensed radio stations, was admittedly made without a license issued by the FCC, as a challenge to the power of the United States to restrict and regulate radio broadcasts originating beyond territorial limits.

On September 21, 1973, the complaint in the instant action was filed to enforce provisions of Section 301 [1] of the Communications Act of 1934 (Act), 47 U.S.C. § 301, and Article 7, Section 1 (1) [2] of the International Telecommunications Convention of 1959, 12 U.S.T. and O.I.A. 2377, 2480, entered into force on October 23, 1961. This court issued a temporary restraining order, pursuant to Rule 65(b), F.R.Civ.P., enjoining the defendants from operating radio broadcast equipment on board the American-registered vessel "Oceanic," also known as the "Columbus," without a license issued by the FCC as required by Section 301 of the Act. The vessel was owned by defendants Wayne and Christopher Hansen.

---

1. Section 301 provides in part:
    No person shall use or operate any apparatus for the transmission of energy or communications or signal by radio . . . (e) upon any vessel or aircraft of the United States . . . except under and in accordance with this chapter and with a license in that behalf granted under the provisions of this chapter.

2. Section 1(1) provides in part:
    The establishment and use of broadcasting stations . . . on board ships, aircraft or any other floating or airborne objects outside national territories is prohibited.

On October 25, 1973, this court filed an opinion denying defendants' motion to dismiss the complaint and dissolve the temporary restraining order. By stipulation of the parties, the restraining order was extended until February 1, 1974. Defendants have filed their Answer, and plaintiffs now move for a judgment on the pleadings pursuant to Rule 12(c), F.R.Civ.P.

■ Initially, it must be noted that the Answer filed by the defendants does not deny any of the factual averments of the Complaint. Thus, pursuant to Rule 8(d), F.R.Civ.P., the court must take these facts as admitted. Further, the sole defense tendered by defendants which has not heretofore been raised, is that of the equitable doctrine of "unclean hands." [3]

Specifically, defendants argue that (1) the Government of the United States has engaged in the very conduct complained of, apparently in its overseas broadcast operations such as Radio Free Europe, and (2) the hands of the Government are "unclean" in that various members of the Executive Branch have conspired to deprive Reverend McIntire of access to the airwaves because of his opposition to various Presidential policies.

■ Without examining the merits of either claim, this court concludes that the doctrine of "unclean hands" is not available as a defense in this case. As many courts have noted, the equitable doctrine of "unclean hands" will not be permitted to frustrate or thwart the purposes and policies of the laws of the United States. *See, e. g.,* Pan American Petroleum and Transport Co., 273 U.S. 456, 506–507, 47 S.Ct. 416, 71 L.Ed. 734 (1926); NLRB v. Kingston Cake Co., 206 F.2d 604, 611 (3d Cir. 1953); United States v. Philadelphia Electric Co., 351 F.Supp. 1394, 1398 (E.D.Pa.1972). The overriding national interest in maintaining the orderly use of the nation's airwaves, as manifested in the Communications Act of 1934, National Broadcasting Co. v. United States, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344 (1943), as well as the adverse effects of defendants' unlicensed broadcasts upon the public interest, United States v. Reverend Carl McIntire et al., *supra*; United States v. American Bond and Mortgage Co., 31 F.2d 448 (N.D.Ill.1929), is such as to render the defense of "unclean hands" unavailable to defendants.

Inasmuch as this court has considered matters outside the pleadings, the motion for a judgment on the pleadings must be treated as a motion for summary judgment, as provided by Rules 56 and 12(c), F.R.Civ.P.

■ An examination of the pleadings and affidavits submitted by the parties to this dispute leads this court to conclude that there exists no genuine issues as to any material fact, and that plaintiffs are entitled to a judgment as a matter of law.

The temporary restraining order shall be and hereby is made permanent.[4]

An appropriate order may be submitted.

---

3. Defendants urge that the conclusions reached by this court in its opinion of October 25, 1973 are not conclusive and hence, defendants may raise in their Answer defenses which this court has previously rejected. However, the court sees no compelling reason why its earlier conclusions of law should be disturbed.

4. In light of the conclusion reached herein, all pending motions relating to discovery are, of course, rendered moot.