**CANYONEERS, INC., an Arizona corporation, d/b/a Grand Canyon Trail Guides, Plaintiff,**

v.

**William P. CLARK, Secretary, Department of the Interior, et al., Defendants.**

**No. CIV 83–1881 PHX CAM.**

United States District Court, D. Arizona.

Aug. 23, 1984.

Francis J. Nielson, Arnovitz, Smith & Nielson, Salt Lake City, Utah, and Don Hummel, Tucson, Ariz., for plaintiff Canyoneers, Inc., an Ariz. Corp. d/b/a Grand Canyon Trail Guides.

James P. Loss, Asst. U.S. Atty., Phoenix, Ariz., and Pamela S. West, Atty., Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for defendants James G. Watt, Secretary, Dept. of Interior, Russell E. Dickenson, Director, Howard H. Chapman, Reg. Director, Nat. Park Service, Richard W. Marks, Supt., Grand Canyon Nat. Park.

Dean H. Cannon, Henry L. Diamond, Beveridge & Diamond, Washington, D.C., for amicus Conference of Nat. Park Concessioners.

## ORDER

MUECKE, Chief Judge.

Having received and considered Plaintiff's Motion for Summary Judgment and Statement of Facts pursuant to Local Rule

11(i), filed January 31, 1984; Defendants' Response to Plaintiff's Motion for Summary Judgment and Statement of Facts pursuant to Local Rule 11(i), filed February 28, 1984; Defendants' Cross-Motion for Summary Judgment and Statement of Facts pursuant to Local Rule 11(i), filed February 9, 1984; Plaintiff's Response to Defendants' Cross-Motion for Summary Judgment, filed March 5, 1984; Defendants' Supplemental Brief in Support of Motion for Summary Judgment, filed March 27, 1984; Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judgment, filed May 15, 1984; Defendants' Response to Plaintiff's Supplemental Memorandum, filed May 29, 1984; Brief of the Conference of National Park Concessioners as Amicus Curiae, filed July 2, 1984; Defendants' Response to Amicus Curiae Brief, filed July 6, 1984; and the administrative record filed December 5, 1983; and having heard oral argument on the cross-motions for summary judgment on March 19, 1984, this Court finds as follows:

Summarizing the basic facts, the National Park Service (NPS) entered into Concession Contracts with Babbitt Brothers Trading Company (Babbitt) in 1968 and with Amfac Hotels and Resorts, Inc. d/b/a Fred Harvey (Harvey) in 1969, under which contracts the concessioners would provide accommodations, facilities, and services in Grand Canyon National Park. Both Concession Contracts contained a preferential right to provide new or additional services as defined in 16 U.S.C. § 20c and 36 C.F.R. § 51.3(c).

In 1975, the Secretary of the Interior through the Director of NPS granted Concession Permit No. CX821080004 to Plaintiff, under which Plaintiff was authorized to provide a hiking guide service and to rent and sell certain specified hiking, backpacking and camping equipment. Under the terms of the permit, the concessioner could offer for sale only those backpacking items for which it had secured the written approval of the park Superintendent. Over the years, the Superintendent approved several of Plaintiff's requests to expand its line of merchandise for sale.

Plaintiff's permit (attached as Exhibit 1 to Plaintiff's Complaint filed September 23, 1983) by its terms expired December 31, 1978; the permit was then extended at various intervals through March 1, 1983. An interim permit was then issued to cover the period March 2 through September 30, 1983; under the terms of the interim permit, Plaintiff was not authorized to sell its merchandise. Exhibit 10, Administrative Record filed December 5, 1983.

In February 1982, Park Superintendent Marks published a notice of intention to issue a concession permit to Plaintiff for the term of October 1, 1981 through September 30, 1985. In that notice, the Superintendent recognized that Plaintiff was an existing satisfactory concessioner and was entitled to a right of preference. Such "right of preference" is described in 16 U.S.C. § 20d and 36 C.F.R. § 51.3(b). A Statement of Requirements (SOR) for this proposed permit was published, to which Plaintiff submitted a responsive proposal on March 1, 1982. No other proposals were received by NPS. In a letter dated April 30, 1982, Superintendent Marks withdrew the previously-published SOR, citing "material and significant differences between the SOR and the proposal received." Exhibit 12, Administrative Record.

Following this cancellation of the proposed four-year permit, Plaintiff contacted Superintendent Marks, Russell Dickenson (Director, NPS), and David E. Gackenbach (Chief, Concessions Management, NPS) regarding numerous grievances (Exhibits 8 and 14, Administrative Record), prompting the formation of a Task Force by NPS Regional Director Chapman to investigate Plaintiff's grievances. That Task Force issued its Final Report on August 20, 1982 (Exhibit 12, Administrative Record). Following (1) the filing of a Complaint Against NPS Procedures filed by Plaintiff in October of 1982, (2) extensive briefing by Plaintiff, Babbitt, and Harvey, and (3) a memorandum opinion in July of 1983 by the Department of the Interior Field Solicitor, Regional Director Chapman decided in a

July 12, 1983 letter that "all items of 'sporting goods' and 'merchandise' held for sale to the public by [Plaintiff] shall cease, be removed from public view, and removed from the park as soon as possible." Exhibit 5 attached to Plaintiff's Complaint filed September 23, 1983. Underlying this decision was Chapman's conclusion that, based upon

> ...all of the pertinent material, including the extensive correspondence, the Task Force Report, legal briefs and responses, legal opinions and reviews, ...Babbitt has not waived its preferential right to the sale of "Sporting Goods" and that its rights must be protected by the National Park Service pursuant to law and contractual agreement... The sale of items of "Sporting Goods" or "Merchandise" as they relate to the contractual preferential rights of other Grand Canyon National Park concessioners shall not be permitted in a subsequent "Guided Hiking" concession authorization absent a written agreement between the appropriate parties and approval by the National Park Service.

*Id.*

Plaintiff appealed this decision to NPS Director Dickenson, who on August 8, 1983 modified Regional Director Chapman's order to the extent that Plaintiff was allowed to sell "existing on hand inventory, until September 30, 1983, under the temporary permit that is now in existence." Exhibit 6 attached to Plaintiff's Complaint filed September 23, 1983.

On August 23, 1983, NPS issued a new SOR for a hiking guide service permit, but deleted any form of sales; all proposals were due September 23, 1983. On September 27, 1983, Plaintiff filed this action and a motion for temporary restraining order enjoining Defendants from, *inter alia*, terminating Plaintiff's right to operate as it existed on September 28, 1983, including the right to sell sporting goods and merchandise. The temporary restraining order was granted on November 8, 1983, and the parties have stipulated to its extension during the pendency of this action.

For the purposes of Plaintiff's Motion for Summary Judgment, Defendants have agreed to Plaintiff's Statement of Facts filed January 31, 1984, *see* Defendants' Response to Plaintiff's Motion for Summary Judgment, filed February 28, 1984, at page 1. Plaintiff does not dispute any of Defendants' February 9 Statements of Fact in Plaintiff's Response filed March 5, 1984. Thus, there is no genuine issue of material fact which would preclude decision by summary judgment.

Plaintiff's Motion for Summary Judgment seeks favorable decision on three basic issues:

I.  That Babbitt waived its contractual preferential right to provide new or additional services and facilities, which is described in 16 U.S.C. § 20c and 36 C.F.R. § 51.3(c);

II.  That 16 U.S.C. § 20d and 36 C.F.R. § 51.3(b) require the National Park Service to renew Plaintiff's permit on terms and conditions which are substantially similar to those contained in Plaintiff's previous permit which expired March 1, 1983; and

III.  That the NPS' refusal to renew Plaintiff's permit on terms and conditions which are substantially similar to those contained in Plaintiff's previous permit is arbitrary and capricious, and that Defendants should be estopped from refusing to renew such permit.

## I.

For a variety of reasons, no decision is necessary or desirable on the issue whether Babbitt waived its contractual preferential right to sell certain types of sporting goods. First, Babbitt is not a party to this lawsuit and has not been afforded the opportunity to state its position on the issue in this Court. Second, whether Babbitt waived its right is irrelevant to this action; an alleged waiver of a provision in a non-party's contract has nothing to do with the rights and obligations of Plaintiff and Defendants which arose under Concession Permit No. CX821080004, which rights and

obligations are expressly subject to "the laws of Congress governing the area and the rules and regulations promulgated thereunder..." (Concession Permit No. CX821080004, Exhibit 1 attached to Plaintiff's Complaint filed September 23, 1983, ¶ 13(a)). Although the perceived rights and duties of non-parties Babbitt and Harvey were the subject of extensive briefing on the administrative level, and although those perceived rights and duties form the basis of the agency's decision not to renew Plaintiff's permit on terms substantially similar to those of the previous permit, this action is properly confined to the rights and duties of the parties only.

## II.

Plaintiff contends that 16 U.S.C. § 20d and 36 C.F.R. § 51.3(b) entitle it to a renewal of its permit on terms and conditions substantially similar to those contained in its previous permit, because it has performed as and has been recognized as a satisfactory concessioner. Plaintiff relies heavily on the following language from 36 C.F.R. § 51.3(b):

> (b) "Right of Preference" refers to the right of existing satisfactory concessioners to a preference in the renewal or negotiation of a new contract or permit covering *substantially the same accommodations, facilities and services as provided by the concessioner under the terms of its existing contract or permit*
> . . . .

(emphasis added). Defendants respond that this language entitles Plaintiff, as a satisfactory concessioner, to a right of preference *if* the NPS determines that a new contract/permit or renewal thereof covering substantially the same services as that provided by the existing satisfactory concessioner should issue. That right of preference, argue Defendants, entitles the existing satisfactory concessioner to meet the best offer of an applicant for the permit who has no right of preference.

Based upon a review of the supplementary briefs on this issue requested by this Court, and of the *amicus curiae* brief sub-

mitted by the Conference of National Park Concessioners, it is apparent that this is an issue of first impression.

The language of 36 C.F.R. § 51.3(b) cannot be read in a vacuum. It must be read in the context of and in conjunction with 16 U.S.C. § 20 *et seq.* and with 36 C.F.R. § 51. Upon a reading of those provisions, it appears clear that Defendants' interpretation is more consistent with the overall broad discretion granted to the Secretary in 16 U.S.C. § 20 *et seq.* and further defined in 36 C.F.R. § 51.

Congress has articulated precise goals with respect to the management of national parks, 16 U.S.C. § 20, and has directed the Secretary to limit the development of accommodations, facilities and services to "those that are necessary and appropriate for public use and enjoyment of the national park area... and that are consistent to the highest practicable degree with the preservation and conservation of the areas." *Id.* To that end, Congress has vested in the Secretary the discretion to determine whether the operation of such accommodations, facilities and services should rest in the hands of one concessioner or several, 16 U.S.C. § 20c, and whether to enter into a contractual or permit arrangement with the concessione, 16 U.S.C. § 20d; *see also* 36 C.F.R. § 51.3(a).

It is true that Congress directed the Secretary, and thus his delegate Director of NPS, to "encourage continuity of operation and facilities and services by giving preference in the renewal of contracts or permits and in the negotiation of new contracts or permits to the concessioners who have performed their obligations under prior contracts or permits to the satisfaction of the Secretary." 16 U.S.C. § 20d; *see also* 36 C.F.R. § 51.3(b). But this "right of preference" does not appear to be an enforceable right or entitlement to be offered a contract/permit renewal or a new contract/permit; such an interpretation would force the Secretary to award contracts, permits, and renewals thereof to satisfactory concessioners for unnecessary or undesirable services, which is inconsistent with the

otherwise broad discretion vested in the Secretary to determine what services will best implement the Congressional intent articulated in 16 U.S.C. § 20.

■■■ It is clear to this Court that the Secretary and/or his delegate is not obliged to renew contracts or permits, 16 U.S.C. § 20d ("... the Secretary, at any time in his discretion, may extend or renew a contract or permit..."). Thus, Plaintiff is not entitled to a renewal of its permit. *If,* however, the Secretary chooses to issue a new contract, permit, or renewal thereof, which contract, permit, or renewal thereof covers "substantially the same accommodations, facilities and services," 36 C.F.R. § 51.3(b), as that provided under the contract or permit of an existing satisfactory concessioner, then the Secretary must recognize and honor the right of preference in the existing satisfactory concessioner and give that concessioner "an opportunity to meet the terms and conditions of the best proposal," 36 C.F.R. § 51.5(b), made by a party with no right of preference. This appears to be the proper interpretation of the 36 C.F.R. § 51.3(b) language, when read in conjunction with its counterpart statutory language and accompanying regulations.

■■■ In this case, NPS did decide to issue a four-year permit. It recognized the right of preference enjoyed by Plaintiff in its February 1, 1982 Notice of Intention to Issue Concession Permit. It received Plaintiff's proposal and cited several "material and significant differences" between what it required and what Plaintiff proposed. It cancelled the Notice of Intention and Statement of Requirements in a letter to Plaintiff dated April 30, 1982. This cancellation is authorized by 36 C.F.R. § 51.-4(c), which reads in pertinent part: "The Director may choose to reject all proposals received at any time and resolicit or cancel the solicitation altogether in his discretion

when in the best interests of the Government."[1]

### III.

Plaintiff further argues that the NPS' refusal to renew its permit on terms and conditions substantially similar to those contained in its previous permit is arbitrary and capricious, and that it should be estopped from refusing to honor Plaintiff's right of preference.

As described above, it is the opinion of this Court that Plaintiff has no right to a renewal of its permit on terms and conditions substantially similar to those contained in its previous permit. Further, NPS *did* recognize Plaintiff's right of preference when it solicited proposals on February 1, 1982; the "right of preference" urged by Plaintiff here simply does not exist under this Court's interpretation of 36 C.F.R. § 51.3(b).

The NPS did refuse to renew Plaintiff's permit *in toto,* however. That action may be reviewed by this Court under the test outlined in *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415–17, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971), guided by the rule that "the Secretary's decision is entitled to a presumption of regularity." *Id.,* 401 U.S. at 415, 91 S.Ct. at 823.

■■■ "The court is first required to decide whether the Secretary acted within the scope of his authority." *Id.* As noted above, Congress specified in 16 U.S.C. § 20d that "... the Secretary, at any time in his discretion, may extend or renew a contract or permit..." Nothing in that provision requires the Secretary to renew a permit; thus, refusal to renew is within the scope of the Secretary's authority. Further, Plaintiff's permit was expressly subject to revocation or amendment at any

---

1. Section 51.4 applies to the solicitation and award of concession contracts and permits where *no* right of preference exists. Here, of course, NPS recognized Plaintiff's right of preference. However, § 51.5, which applies to the solicitation and award of concession contracts and permits where a right of preference does exist, states that the § 51.4 procedures apply, with a few specified exceptions. Section 51.5 does not delete the Director's authority to withdraw or cancel solicitations as described in § 51.4.

time at the discretion of the Superintendent.

■ Next, the reviewing court must find that "the actual choice made was not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Overton Park, supra,* 401 U.S. at 416, 91 S.Ct. at 823, citing 5 U.S.C. § 706(2)(A) (1964 ed., Supp. V). The decision not to renew Plaintiff's permit appears to have rested on the "material and significant differences" between NPS' Statement of Requirements and Plaintiff's proposal, as outlined in Superintendent Marks' letter of April 30, 1982. Further, Plaintiff's numerous grievances following this decision were fully aired administratively, resulting in a final decision by NPS Director Dickenson which was based on his review of the legal briefs submitted by Plaintiff, Babbitt, and Harvey; the Regional Director's decision; the Field Solicitor's memoranda of July 6 and July 15, 1983; and "the correspondence, memoranda, and reports associated with this entire dispute." Exhibit 6 attached to Plaintiff's Complaint filed September 23, 1983. Thus, it cannot be said that the decision was made arbitrarily; and with respect to the decision actually made, it is not this Court's function to "substitute its judgment for that of the agency." *Overton Park, supra,* 401 U.S. at 416, 91 S.Ct. at 824.

■ "The final inquiry is whether the Secretary's action followed the necessary procedural requirements." *Id.,* 401 U.S. at 417, 91 S.Ct. at 824. Here, NPS complied with 36 C.F.R. § 51.5, recognizing Plaintiff's 36 C.F.R. § 51.3(b) right of preference as a satisfactory concessioner. NPS cancelled the solicitation, which is permitted by 36 C.F.R. § 51.4(c). Plaintiff's argument that Defendants have failed to follow 36 C.F.R. § 51.3(b) is based on a misinterpretation of that regulation; Plaintiff does not otherwise allege that Defendants have failed to comply with necessary procedural requirements.

Based upon the foregoing,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment, filed January 31, 1984, is denied.

IT IS FURTHER ORDERED that Defendants' Cross-Motion for Summary Judgment, filed February 9, 1984, is granted.

IT IS FINALLY ORDERED that the Temporary Restraining Order granted November 8, 1983 is hereby vacated.