603 F.Supp. 421 (1985)
CURRENT-JACKS FORK CANOE RENTAL ASSOCIATION, Plaintiff,
v.
William CLARK, Secretary of the Interior; G. Ray Arnett, Assistant Secretary of the Interior For Fish, Wildlife and Parks; Russell H. Dickenson, Director, National Park Service; Charles H. Odegaard, Regional Director, National Park Service; Arthur L. Sullivan, Superintendent, Ozark National Scenic Riverways; Tom B. Bedell; Donald Black; Eunice Burkhart; Marlin McClintock; Gene Phelps; Dwayne Snider; Ozark Hills Canoe Rental and Sales, Inc., a Missouri Corporation; Running River Riding Stables, Inc., a Missouri Corporation, and Scenic Rivers Canoe Rental, Inc., a Missouri Corporation, Defendants.
No. S84-0018C(1).
United States District Court, E.D. Missouri, Southeastern Division.
March 6, 1985.
*422 David J. Newburger, James P. Gamble, Newburger & Vossmeyer, St. Louis, Mo., for plaintiff.
Thomas E. Dittmeier, U.S. Atty. by Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Winston V. Buford, Eminence, Mo., Mark L. Richardson, Poplar Bluff, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This matter is before the Court on plaintiff's application for a preliminary injunction. Plaintiff asks the Court in its final brief to enter a permanent injunction as to Count I alone, and the Interior Department defendants have consented to submission of the Count I issues to the Court for a ruling on the merits. This Court will, therefore, consolidate plaintiff's request for a preliminary injunction with a consideration of the case on its merits.
The parties have submitted an extensive record, including stipulated testimony of several witnesses, the full administrative record and numerous exhibits. In addition, this Court conducted an evidentiary hearing on August 31, 1984. Plaintiff and the Interior Department defendants have filed briefs. Defendant Black asserts that he has nothing to add to the government's brief. Defendants Eunice Burkhart, Gene Phelps, Ozark Hills Canoe Rental & Sales, Inc., Running River Riding Stables, Inc. and Scenic Rivers Canoe Rental, Inc. have submitted stipulated testimony which was objected to by plaintiff. Defendants Bedell, McClintock and Snider have neither answered the complaint nor filed anything else with the Court. Having considered the material submitted by the parties as well as the evidence adduced at the hearing, and being fully advised in the premises, the Court hereby enters the following findings of fact and conclusions of law.

A. FINDINGS OF FACT
1. Current-Jacks Fork Canoe Rental Association (Canoe Rental Association), plaintiff herein, is an unincorporated association comprised of holders of permits and contracts issued by the National Park Service (NPS), for canoe, shuttle and related concession operations within the Ozark National Scenic Riverways (ONSR) in the State of Missouri. Members of the Association reside in the Eastern and Southeastern Divisions of the Eastern District of Missouri.
2. At the time this action was filed, defendant William Clark was Secretary of the Interior. Defendant G. Ray Arnett was Assistant Secretary of the Interior for Fish, Wildlife and Parks. Defendant Russell E. Dickenson was Director of the NPS. Defendant Charles H. Odegaard was Regional Director of the NPS for the region in which the ONSR is located. Defendant Arthur L. Sullivan was Park Superintendent for the ONSR. These defendants are referred to collectively as the Interior Department defendants.
3. Defendants Burkhart and Phelps are residents of the Eastern Division of the Eastern District of Missouri. Defendants Bedell, Black, McClintock and Snider are residents of the Southeastern Division of the Eastern District of Missouri. Defendant Ozark Hills Canoe Rental & Sales, Inc. is a Missouri corporation with its principal place of business in the Eastern Division of the Eastern District of Missouri. Defendants Running River Riding Stables, Inc. and Scenic Rivers Canoe Rental, Inc. are Missouri corporations with their principal places of business in the Southeastern Division of the Eastern District of Missouri. Defendants Bedell, Black, Burkhart, Phelps, Ozark Hills Canoe Rental & Sales, Inc., Running River Riding Stables, Inc. and Scenic River Canoe Rental, Inc. are engaged in the business of providing canoe, shuttle and other related services in the ONSR, while defendants McClintock and Snider have not previously engaged in such business. These defendants are referred to collectively as Previously Unpermitted Operators.
4. The Secretary of the Interior, through the NPS issued concession contracts to provide canoe, shuttle and related *423 services to the general public within the ONSR to two members of plaintiff, and concession permits for the same services to the remaining members of plaintiff. These contracts and permits were effective January 1, 1979, to December 31, 1983, and were extended through March 31, 1984, or until such time as replacement contracts or permits were executed.
5. All members of Canoe Rental Association received satisfactory ratings from the Interior Department defendants for their business operations, prior to the negotiation and execution of replacement contracts.
6. The Interior Department defendants issued "Statements of Requirements (SOR) (Prospectuses)" for the negotiation of the replacement concession contracts and permits. The Prospectuses specifically stated that the "customary preferential right of renewal [is] not applicable in this case." The Prospectuses further called upon prospective concessioners to submit bids to the Interior Department by January 31, 1984.
7. The Interior Department defendants accepted bids from Canoe Rental Association members as well as from the Previously Unpermitted Operators, and on March 2, 1984, these defendants notified the members of both groups of their intent to negotiate and execute concession permits and contracts with them. According to the latest information supplied by the parties, the permits have been issued, while the contracts are awaiting execution.
8. The members of the Canoe Rental Association did not receive a right of preference in the negotiation of the new contracts and permits. This was because the Interior Department defendants interpreted an opinion of the Eighth Circuit Court of Appeals, Free Enterprise Canoe Renters Assoc. v. Watt, 711 F.2d 852 (8th Cir.1983), as directing them to place the Previously Unpermitted Operators on an equal footing with Canoe Rental Association members with respect to the issuance of new contracts and permits.
9. Additionaly, the Interior Department defendants created districts within the ONSR. Under the terms of the new contracts and permits, concessioners are not generally licensed to provide services beyond the boundaries of their district. Furthermore, the Interior Department defendants resolved to commence enforcement of a policy prohibiting operators from subleasing to colleagues outside their particular district. The Prospectuses imposed other restrictions upon the business operations of the various concessioners, as well.
10. As a result of the issuance of permits to the Previously Unpermitted Operators, Canoe Rental Association members' businesses have been damaged. The stipulated testimony of four members of plaintiff Association was submitted to the Court. The testimony indicates that Canoe Rental Association members lost business to the Previously Unpermitted Operators during the 1984 season. The creation of the district system which is outlined in the Prospectuses spawned an adverse impact upon plaintiff members, as well. Operators are now enjoined from engaging in their previous practice of providing services in an adjoining district when poor canoeing conditions exist in their own. In addition, two operators submitted testimony that they lost a shower, laundromat and wood lot concession. One other operator likewise provided testimony that he was compelled to consolidate two separate businesses into a single district, and that he sustained a decrease in the volume of business as a result.

B. CONCLUSIONS OF LAW
This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343. Plaintiff asserts that defendants violated its fifth amendment due process rights by departing from the specifications set forth in 16 U.S.C. §§ 3, 20c, 20d and 36 CFR §§ 51.1-51.7.
This is an action by Canoe Rental Association against the Interior Department defendants and the Previously Unpermitted Operators for declaratory and injunctive relief. Plaintiff alleges that defendants *424 usurped their constitutional and statutory rights by denying its members a right of preference with the negotiation of new concession contracts and permits. Plaintiff seeks a preliminary injunction enjoining defendants from implementing and operating under the newly issued concession permits, and a directive for defendants to negotiate a new set of permits and contracts which afford plaintiff such preference rights.
The statutes to which plaintiff refers in arguing that its members are entitled to a right of preference are 16 U.S.C. §§ 20c and 20d. The former section relates to the addition of new or expanded services within a national park to those services previously provided by a single concessioner. Section 20d, concerns new and renewal contracts and permits for existing services. This section provides:
The Secretary shall encourage continuity of operation and facilities and services by giving preference in the renewal of contracts or permits and in the negotiation of new contracts or permits with the concessioners who have performed their obligations under prior contracts or permits to the satisfaction of the Secretary. To this end, the Secretary, at any time in his discretion, may extend or renew a contract or permit, or may grant a new contract or permit to the same concessioner upon the termination or surrender before expiration of a prior contract or permit. Before doing so, however, and before granting extensions, renewals or new contracts pursuant to the last sentence of § 20c of this title, the Secretary shall give reasonable public notice of his intention so to do and shall consider and evaluate all proposals received as a result thereof.
36 CFR § 51.3(b) supplies insight into the meaning and application of the right of preference. This section provides:
"Right Of Preference" refers to the right of existing satisfactory concessioners to a preference in the renewal or negotiation of a new contract or permit covering substantially the same accommodations, facilities and services as provided by the concessioner under the terms of its existing contract or permit. Prior to the expiration or termination of a contract or permit a determination shall be made based on annual evaluations, as to whether or not the concessioner is entitled to a preference in the renewal of its contract or permit. An unsatisfactory rating, results in the loss of the right of preference.
36 CFR § 51.3(b).
In addition, 36 CFR § 51.1 et seq. describes the appropriate application and mechanics of the right of preference. Section 51.5 calls upon the government to issue a fact sheet rather than a Prospectus to the concessioner possessing the right of preference. Competitors may submit bids, yet holders of the preference rights must be given opportunities to meet the final proposals of the competitors.
Plaintiff submits that its members were denied their due right of preference in the negotiation of the 1984 contracts and permits. The Interior Department defendants concede this much, via the testimony of defendant Sullivan. Also, plaintiff provides several exhibits in the form of correspondence from the Interior Department defendants, in which these defendants set forth their intentions not to extend a right of preference to plaintiff members. In view of this factor, the question for this Court's resolution is whether plaintiff is entitled to an injunction.
The guidelines available for determining whether a permanent injunction should issue include the same factors applicable to motions for preliminary injunctive relief, which were articulated by the Eighth Circuit in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981). See Minnesota Public Interest Research Group v. Butz, 358 F.Supp. 584 (D.Minn. 1973), aff'd, 498 F.2d 1314 (8th Cir.1974); Coleman v. Block, 580 F.Supp. 194 (D.N.D. 1984). These factors include: 1) whether there is a substantial probability that movant will succeed at trial; 2) whether the moving party will suffer irreparable injury absent the injunction; 3) the harm to other *425 interested parties if the relief is granted; and 4) the effect on the public interest. Dataphase at 112. See also Local Cartage Association v. Highway, City and Air Freight Drivers, 574 F.Supp. 1573, 1580 (E.D.Mo.1983). The only modification which should be given to these Dataphase guidelines when a court is ruling on an application for permanent injunction, is that instead of considering the likelihood of success on the merits, the court must render an actual determination of the merits. In the opinion of this Court, application of these factors to the facts of this case warrants issuance of a permanent injunction.

1. Success On The Merits
This Court concludes that plaintiff has successfully demonstrated its entitlement to relief on the merits. In reading the applicable statute, 16 U.S.C. § 20d, this Court is convinced that granting a right of preference to existing concessioners is mandatory, not discretionary.
Section 20d is the statute which describes the application of the right of preference to new and renewal contracts. The first sentence is couched in mandatory language, and requires the Secretary of the Interior to give preference in the issuance of the new and renewal of contracts or permits to those concessioners who previously performed their obligations in a satisfactory manner. The next sentence is framed in discretionary terms. "To this end, the Secretary, at any time in his discretion, may extend or renew a contract or permit, or may grant a new contract or permit to the same concessioner upon the termination or surrender before expiration of a prior contract or permit." This particular sentence concerns renewing or extending contracts, while any mention of preference rights is lacking. Furthermore, the sentence begins with "to this end." This language indicates that the sentence provides an additional suggestion as to how the Secretary may perform his statutory duty of encouraging continuity of operation and facilities. Thus, the giving of preference in new or renewal contracts or permits is mandatory, while the decision to renew a contract or permit is discretionary.
This interpretation of the statute is borne out by the legislative history, as well.
Section 20d directs the Secretary to give preference to satisfactorily established operators in a national park system area when the time comes for the renewal or extension of contracts, or for the negotiation of new contracts. It authorizes him to extend or renew old contracts and to grant a new contract before the expiration of the old one if the need therefor arises.
S.Rep. No. 765, 89th Cong., 1st Sess. 6th (1965), reprinted in (1965) U.S.Code Cong. & Ad.News 3489, 3494. The history suggests that the right of preference in § 20d is mandatory, and the remainder of the section relates to the decision of the Secretary to extend or renew contracts or permits.
The Interior Department defendants do not take issue with this particular interpretation, but rather stand upon some statements contained in Free Enterprise Canoe Renters Assoc. of Missouri v. Watt, 711 F.2d 852 (8th Cir.1983). Free Enterprise concerned the right of certain canoe operators to provide services in the ONSR without permits. The court held that the NPS could validly regulate canoe traffic on the ONSR by issuing permits. As a final note, however, the court stated:
Nonetheless, we expect no discrimination in the future when permits come up for renewal. At oral argument, counsel for the government represented that when the current permits expire, non-concessioned operators will be able to compete with the concessioners for permit renewals on equal footing and on the basis of objective and published criteria. We accept this representation.8
Id. at 858. In addition, the court explicitly stated in the footnote, "we recognize that 16 U.S.C. § 20d (1976) authorizes a renewal preference for existing concessioners. However, the statute does not require the Secretary to honor the preference. It provides that `the Secretary, at any time in his *426 discretion, may extend or renew a contract or permit.' (emphasis added)." Id. at 858 n. 8.
The Court denied a request by the government for clarification on these particular statements in the opinion. In so ruling, the Court interpreted a statement by the government that the unpermitted operators would receive a fair opportunity to compete with the permitted operators, as mandating equal treatment of both permitted and unpermitted operators in future negotiations. Id. at 858. Defendant Sullivan testified that these statements in the Free Enterprise opinion motivated the Interior Department defendants to deny Canoe Rental Association members their right of preference.
This Court concludes that the Free Enterprise language relied upon by the Interior Department defendants is dicta. The permitted operators were not before the court, and the interpretation given to the statute by the court was unnecessary for resolution of the case.
Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir.1977), additionally supports the plaintiff's position. In Fort Sumter, a concessioner sued to prevent the Department of Interior from issuing a contract to another. The parties did not dispute the existence of the plaintiff's right of preference to negotiate the renewal of the prior agreement. The controversy rather centered around the content of that preference. The court in fact stated, "[i]n essence, § 20d grants preferential renewal rights to those existing concessioners who have performed their obligations under prior contracts in a manner satisfactory to the Secretary." Id. at 1121.
The only other decision relating to a § 20d right of preference is Canyoneers, Inc. v. Clark, 596 F.Supp. 106 (D.Ariz. 1984). In Canyoneers, the court ruled that the concessioner had a right of preference to bid on a new concession, but that the NPS was not obligated to continue a service which it had resolved to eliminate. The Interior Department defendants argue that in creating the district system herein, the government altered the contract or permit specifications to which plaintiff members must comply. These defendants contend that under Canyoneers, the new terms are not arbitrary or capricious, or beyond their authority to impose.
Although the government clearly has a right to alter specifications or to change the conditions under which new contracts or permits are issued, the Interior Department defendants may not deny Canoe Rental Association members their statutorily mandated right of preference. The regulations provide that a right of preference shall apply to new contracts or permits "covering substantially the same accomodations, facilities and services as provided by the concessioner under the terms of its existing contract or permit." 36 C.F.R. § 51.3(b). This Court determines that the new contracts and permits are substantially similar as to require a right of preference. Canyoneers is also distinguishable because it involved cancellation of a contract or permit for substantially the same services. Furthermore, this Court concludes that the issue raised by plaintiff is not the right of the government to establish districts. This matter remains undisputed. Rather, the issue centers around the failure of the Interior Department defendants to extend a right of preference to Canoe Rental Association members when the Previously Unpermitted Operators received licenses by the Government to provide services in the ONSR.
This Court concludes that plaintiff has established its burden of showing its entitlement to relief on the merits. The Court reads 16 U.S.C. § 20d as creating a mandatory right of preference for satisfactory performance when concession contracts or permits are renewed or extended. The members of plaintiff performed the obligations of their prior contracts and permits in a satisfactory manner. The Interior Department defendants admit they did not afford Canoe Rental Association members the mandated preference because of their reliance upon the Free Enterprise *427 decision. Such reliance was misplaced, however.

2. Threat Of Irreparable Injury
Plaintiff not only has established that defendants' actions pose a threat of irreparable injury, but it has established that a number of its members have already sustained some injury. Four members of Canoe Rental Association supplied testimony that they lost business to the Previously Unpermitted Operators as a result of the issuance of permits to the latter group, combined with the new restrictions. These concessioners moreover, opined that adherence to the contracts and permits currently in effect will produce additional business losses, but more importantly, a loss of goodwill. The Interior Department defendants merely suggest that plaintiff members could not have sustained injury given the fact they were awarded contracts and permits. Yet, they do not dispute the claimed loss of goodwill or the assessment of other such losses.
In addition, under Heublein, Inc. v. FTC, 539 F.Supp. 123, 128 (D.Conn.1982) and Community Nutrition Institute v. Butz, 420 F.Supp. 751, 754 (D.D.C.1976), plaintiff need not establish irreparable injury on the facts of this case. In actions to enjoin continued violations of federal statutes, once a movant establishes the likelihood of prevailing on the merits, irreparable harm to the public is presumed. This presumption is rebuttable, however, by evidence that the threatened injury is not irreparable. Gresham v. Windrush Partners, Ltd., 730 F.2d 1417, 1423 (11th Cir. 1984). Defendants have presented no evidence to rebut plaintiff's showing of injury, however.

3. Harm To Defendant If Injunction Is Granted
Defendants argue that a balance of the equities and potential harm to them favor denial of an injunction. The Interior Department defendants assert that an injunction would inure to the detriment of the public in that, seven new operators would be foreclosed from providing services to the public. The Previously Unpermitted Operators claim that they would indeed sustain severe damage upon the award of an injunction to the Canoe Rental Association. An injunction would preclude these defendants from continuing to operate under the existing permits.
This Court concludes that the balance of the equities weighs in favor of plaintiff, however. First of all, the record is clear that the Canoe Rental Association members performed their obligations under their previous permits and contracts in a satisfactory manner. There is no evidence that the public was not or will not be adequately served by denying the Previously Unpermitted Concessioners a right to operate in the future. Furthermore, in Free Enterprise, 711 F.2d at 857, the Eighth Circuit specifically held that the Department of Interior's prior decision to limit allocation of additional canoes to those concessioners with contracts or permits was not arbitrary or capricious. The court noted that "[a]lthough it may seem unfair that [the previously unpermitted operators] must cease operating within the ONSR until they obtain permits, they began operating without permits at their own risk." Id. at 858. There is evidence that many plaintiff members have been operating for a number of years and have invested much into their businesses. The Previously Unpermitted Operators, by contrast, have been legally providing the concession services for a year at best, during the pendency of the instant litigation. There is little evidence as to the resources that these defendants have invested into their businesses. Furthermore, because this case was filed shortly after the 1984 Prospectuses were issued, and before the defendant concessioners received permits, any investments on behalf of the newly permitted operators, were likewise a risk.
This Court, therefore, concludes that the balance of equities favors granting the requested injunction. Plaintiff members were the only authorized concessioners for a number of years. They provided their *428 services in a satisfactory manner, and there is convincing evidence that the Free Enterprise opinion was the motivation behind the Department of Interior defendants' decision not to afford plaintiff members a right of preference.

4. Effect On The Public Interest
The final factor is whether the public interest supports the issuance of an injunction. Here, there is a strong public interest in ensuring the implementation of the Congressionally proclaimed policy of providing for a continuity in services to the public and in ensuring that the concessioners receive their statutorily mandated right of preference. These reasons justify injunctive relief.

C. CONCLUSION
For the foregoing reasons, an injunction is entered this day directing the Interior Department defendants to afford plaintiff members a right of preference under 16 U.S.C. § 20d. This injunction does not preclude the Interior Department defendants from awarding contracts and permits to the Previously Unpermitted Operators. Nor does it enjoin such defendants from adopting its district system and related restrictions as a means of controlling canoe traffic in the ONSR. The injunction merely requires the Interior Department defendants to offer Canoe Rental Association members a right of preference as described in 16 U.S.C. § 20d and the accompanying regulations, in the negotiation of new and renewal contracts and permits.
Finally, Count II is an estoppel claim. Plaintiff concedes in its brief that it has not presented detailed evidence on this point. Yet, during the evidentiary hearing, this Court expressed its desire to hear the entire case. This Court will, therefore, proceed to decide Count II as well, and concludes that it should be dismissed.
Plaintiff essentially claims that the Interior Department defendants guaranteed the Canoe Rental Association members that if additional canoe rental authorizations became available at the ONSR, plaintiff members would be awarded such new authorizations. Defendant Sullivan testified that he made no such representations, while Darrel Blackwell and Gary W. Smith submitted stipulated testimony to the contrary. Even if such guarantee was made, plaintiff cannot succeed on the merits. The government may not be estopped by misrepresentations or misinformation given by its agents in the absence of affirmative misconduct. Free Enterprise Canoe Renters Assoc. v. Watt, 711 F.2d 852, 857 (8th Cir.1983); Abbott v. Harris, 610 F.2d 563, 564-65 (8th Cir.1979); Leimbach v. Califano, 596 F.2d 300, 305 (8th Cir.1979). Given the fact that the government's decision not to extend a right of preference to plaintiff's members was based upon the Free Enterprise decision, this Court concludes that the Interior Department defendants did not engage in affirmative misconduct. Accordingly, Count II is without merit and is, therefore, dismissed.