CANYONEERS, INC., etc., dba Grand
Canyon Trail Guides,
Plaintiff/Appellant,

v.

Donald HODEL,* Secretary, Department
of the Interior, et al.,
Defendants/Appellees.

No. 84–2562.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1985.

Decided March 29, 1985.

---

* Donald Hodel has been substituted for William

P. Clark pursuant to Fed.R.App.P. 43(c)(1).

Francis J. Nielson, Arnovitz, Smith & Nielson, Salt Lake City, Utah, for plaintiff/appellant.

Martin W. Matzen, Washington, D.C., for defendants/appellees.

Before PREGERSON and FERGUSON, Circuit Judges, and STEPHENS,** District Judge.

FERGUSON, Circuit Judge:

Canyoneers, Inc., an Arizona corporation operating in the Grand Canyon National Park, appeals from an adverse ruling by the district court regarding the failure of the National Park Service ("NPS") to renew Canyoneers' concession permit. The district court, 596 F.Supp. 106, held that the statutory preference right afforded Canyoneers as a satisfactory concessioner does not vest Canyoneers with an entitlement to permit renewal on substantially the same terms. Instead, the district court

---

** Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

held that the relevant portion of the Concessions Policy Act of 1965, 16 U.S.C. § 20d, only entitles satisfactory concessioners the opportunity to meet the terms and conditions of any competing concessioner proposals.

The plaintiff corporation filed this suit in 1983 in district court against the defendant Secretary alleging that it had been wrongfully denied its statutory preference rights when the National Park Service failed to renew its concession permit in 1983 so as to allow the sale of hiking gear. Essentially, the plaintiff company contended that it was arbitrarily denied a permit continuing its prior authorization to sell backpacking and camping gear to tourists at Grand Canyon National Park in derogation of the preference rights articulated in a statute, 16 U.S.C. § 20d, and an implementing regulation, 36 C.F.R. § 51.3(b). On cross-motions for summary judgment the district court entered summary judgment for the defendant Secretary. The district court held that the statutory right of preference for renewal of a concession permit is not an enforceable entitlement to the renewal or award of a concession permit. The plaintiff appeals.

Stated simply, the district court construed 16 U.S.C. § 20d as guaranteeing only a procedural preference to existing concessioners—that is, satisfactory concessioners must be given the right to match competing bids to the renewal or award of future permits. Conversely, the plaintiff, joined by amicus Mountain States Legal Foundation, contends that the statutory preference right entitles an existing concessioner to renewal of their permit on identical terms as long as the concessioner has satisfactorily met the conditions of the current permit and a need remains for these concession services. We agree with the district court's interpretation and, reviewing the administrative record, find that the Secretary's actions were not arbitrary or capricious.

## FACTUAL BACKGROUND

Canyoneers, Inc. began its Grand Canyon operations in 1975 under a NPS permit which authorized plaintiff to provide "hiking guide services." The 1975 permit also required plaintiff to maintain adequate supplies of rental hiking equipment and authorized the sale of types and lines of hiking gear upon the issuance of written approval by the Superintendent of the Grand Canyon National Park ("Superintendent").

For the first three years of its operation under the permit Canyoneers only provided guide and equipment rental services. In the spring of 1978 the Superintendent, Merle Stitt, gave written authorization for Canyoneers to sell specific items of hiking equipment. Canyoneers original concession permit was thereafter extended from October 1980 through September 1981 in a letter from the new Superintendent, Richard Marks.

In February 1982, the NPS published a "Notice of Intent to Issue a Concession Permit" in which it proposed issuing a four-year permit to Canyoneers that included the right to sell hiking gear. The published notice states that Canyoneers had been a satisfactory concessioner and therefore was "entitled to be given preference in the renewal of the concession permit and in the negotiation of a new concession permit." The published notice also solicited other proposals which, if submitted, the NPS would be statutorily bound to consider.

The NPS thereafter issued a Statement of Requirements ("SOR") detailing the minimal services that the successful permit proposal would have to meet. Canyoneers submitted the only proposal. In their response to the SOR, Canyoneers "agreed" to the SOR but noted that they disagreed with several of the SOR terms. Canyoneers' written response indicated that "[f]urther discussion is essential," and complained that the SOR would deprive them of prior permit rights. The Canyoneers' disagreement with the SOR encompassed such basic issues as the amount of the franchise fee and the geographic limitations placed on the plaintiff's Canyon activities.

At this point, a competing concessioner located in the Canyon, Babbitt, sent a letter to Superintendent Marks complaining of the increasing volume of camping gear sales by the plaintiff. Babbitt had been operating in the Canyon as the sole sales business of hiking gear since 1968 when it had been issued a twenty-year contract. Babbitt's concession contract included the right to sell "sporting goods." Although Babbitt's performance as a concessioner was criticized in the mid-1970's by then Superintendent Stitt, Babbitt's contract was never formally revoked in part or in full. The only other concessioner in the Canyon, Amfac Hotels ("Harvey"), is not authorized to sell sporting goods. Nonetheless, after Babbitt complained of encroachment by Canyoneers to Superintendent Marks, Harvey followed with a similar letter complaint regarding sales of other merchandise.

Superintendent Marks responded to the Babbitt complaint and indicated that a further investigation was warranted. The day after Superintendent Marks acknowledged Babbitt's letter he answered the Canyoneers' SOR response in a letter which noted the material discrepancies between the SOR terms and the Canyoneers' response. This April 30, 1982 letter also gave notice that the NPS was cancelling the SOR and rejecting the Canyoneers proposal because of the material differences between it and the SOR.

After this exchange of communication, Canyoneers filed several administrative grievances, triggering the formation of a Task Force by the NPS Regional Director. During the pendency of the administrative proceedings the Superintendent extended the Canyoneers' existing permit through December 1982, at which time "the permit will be allowed to expire by its own terms, and will only be renewed through successful response to a [SOR] for a new concession permit."

The Regional Director's Final Report of the Task Force was issued on August 20, 1982 and determined that Babbitt had not waived its original preferential right to the sale of sporting goods. Accordingly, NPS was obligated to honor Babbitt's right of preference. Regional Director Chapman ordered Canyoneers to cease selling sporting goods. Canyoneers appealed this decision to the Director of NPS. In August 1983 the Director of NPS affirmed the Regional Director's decision but modified the order to permit Canyoneers to sell its remaining inventory until September 30, 1983.

After the Director's final decision, NPS issued a new SOR limited to a hiking guide service without the right to sell merchandise. Canyoneers thereafter filed this suit claiming entitlement to renewal of its prior permit for substantially the same services. The district court initially entered a temporary restraining order in favor of Canyoneers, which was extended by agreement of the parties until the completion of the district court proceedings. On cross-motions for summary judgment, the district court granted judgment for the defendant and declined to stay the judgment pending appeal. This court entered a stay of the district court judgment pending appeal.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983). The decision of the NPS Director is subject to review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), requiring this court to determine whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Walker v. Navajo-Hopi Indian Relocation Comm'n,* 728 F.2d 1276, 1278 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). The defendant has defended his action on the basis of his interpretation of his authority to grant or renew concession permits. Thus, this court must initially determine whether his decision was based on a reasoned, permissible construction of the relevant statute and regulation. *Chevron USA, Inc. v. National Resources Defense Council, Inc.,* — U.S. —, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Villa View Community Hospital, Inc. v. Heckler,* 720 F.2d 1086, 1090 (9th Cir.1983).

## PREFERENCE RIGHTS UNDER THE ACT

Under the Concessions Policy Act of 1965, the Secretary of Interior is authorized to issue permits to national park concessioners. 16 U.S.C. § 20 *et seq.* The Secretary has promulgated regulations regarding the issuance of such permits pursuant to this Act. *See* 36 C.F.R. §§ 51–51.7. To encourage private business to undertake and continue the provision of concessions, Congress specified that permit preference be given satisfactory concessioners. This "preference right" is found in 16 U.S.C. § 20d, which reads:

The Secretary shall encourage continuity of operation and facilities and services by giving preference in the renewal of contracts or permits and in the negotiation of new contracts or permits to the concessioners who have performed their obligations under prior contracts or permits to the satisfaction of the Secretary. To this end, the Secretary, at any time in his discretion, may extend or renew a contract or permit, or may grant a new contract or permit to the same concessioner upon the termination or surrender before expiration of a prior contract or permit. Before doing so, however, and before granting extensions, renewals, or new contracts pursuant to the last sentence of section 20c of this title, the Secretary shall give reasonable public notice of his intention so to do [sic] and shall consider and evaluate all proposals received as a result thereof.

The Secretary's regulations define the "right of preference" as:

the right of existing satisfactory concessioners to a preference in the renewal or negotiation of a new contract or permit covering substantially the same accommodations, facilities and services as provided by the concessioner under the terms of its existing contract or permit. Prior to the expiration or termination of a contract or permit a determination shall be made based on annual evaluations, as to whether or not the concessioner is entitled to a preference in the renewal of its contract or permit. An unsatisfactory rating, results in the loss of the right of preference.

36 C.F.R. § 51.3(b).

■ Upon review of the statute and the regulations, the district court determined that the right of preference is not an enforceable right in the sense that the Secretary is statutorily bound to renew or grant a permit to satisfactory concessioners regardless of other appropriate factors the Secretary must weigh: Instead, the right of preference only entitles a satisfactory concessioner the "opportunity to meet the terms and conditions of the best proposal," 36 C.F.R. § 51.5(b), submitted for the renewal or issuance of a permit in accordance with the Secretary's regulations.

The plaintiff's position is that the statutory preference right entitles all satisfactory concessioners to automatic renewal of their permit as long as the Secretary finds that the services are still needed. Stated differently, unless the Secretary determines that the services are no longer necessary, the preference entitles current satisfactory concessioners to renewal. Under this statutory interpretation Canyoneers is entitled to the renewal of its permit and, presumably, the subsequent written authorization to engage in sales activity.

We conclude that the district court's interpretation of the statutory preference right is more consistent with congressional intent regarding the scope of the Secretary's discretion. As the district court stated:

Plaintiff is not entitled to a renewal of its permit. *If,* however, the Secretary chooses to issue a new contract, permit, or renewal thereof, which contract, permit, or renewal thereof covers "substantially the same accommodations, facilities and services," 36 C.F.R. § 51.3(b), as that provided under the contract or permit of an existing satisfactory concessioner, then the Secretary must recognize and honor the right of preference in the existing concessioner and give that concessioner "an opportunity to meet the terms and conditions of the best proposal," 36 C.F.R. § 51.5(b), made by a party with no right of preference.

759

Order of August 22, 1984, at 8 (emphasis in original).

Construed in this manner, the statutory preference right would afford satisfactory concessioners the opportunity to match competing proposals. At the same time, this interpretation would permit the Secretary to take into account the changing needs of our nation's parklands without becoming restricted to the choice of proceeding under the same set of services provided by the same concessioner or not offering these services at all. Moreover, the statutory admonition that the Secretary "shall consider and evaluate all proposals received," 16 U.S.C. § 20d, would be rendered meaningless if existing concessioners were entitled to automatic renewal of their permits based solely on their status as satisfactory concessioners. As the legislative history reveals, *see* S.Rep. No. 765, 89th Cong., 1st Sess. 19 (1965), U.S.Code Cong. & Admin.News 1965, p. 3489. Congress did not view the right of preference as an "absolute" entitlement to renewal. Instead, Congress intended that the Secretary take "all relevant factors" into account in negotiating for concession permits. *Id.*

In sum, finding the district court's statutory construction of the preference right persuasive, we hold that the statutory "preference in the renewal of contracts or permits" does not entitle satisfactory concessioners to an automatic right of renewal but rather a right to meet the terms of any competing proposal submitted to the Secretary for the provision of substantially similar services. This is not to say, however, that the Secretary can exercise his considerable discretion under the Act in an arbitrary or capricious manner.

THE SECRETARY'S DETERMINATION

■ A review of the administrative record demonstrates that the determination of the Secretary regarding plaintiff's sale permit was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The defendant Secretary recognized the plaintiff's preference rights in the issuance of the SOR.

Plaintiff's response was deemed inconsistent with the terms of the SOR and therefore unacceptable to the Secretary. Pursuant to 36 C.F.R. § 51.4(c), the Secretary then cancelled the SOR. As the plaintiff's preference rights under 16 U.S.C. § 20d did not entitle plaintiff to renewal on substantially the same terms, the defendant did not violate any statutory right of plaintiff by failing to extend Canyoneers' prior permit or by rejecting Canyoneers' submission as unresponsive to the SOR.

Plainly, the defendant was acting within the scope of his statutory authority. The Task Force Report chronicles the detailed manner in which the defendant addressed "the relevant factors," *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Nor can it be said that the administrative record reveals that "there has been a clear error of judgment." *Id.* Finally, the defendants' recognition of the plaintiff's preference right met the procedural requirements imposed on the Secretary by virtue of 16 U.S.C. § 20d.

We have reviewed the plaintiff's other contentions on appeal and conclude that they are also without merit. Accordingly, the judgment of the district court is AFFIRMED.